

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Kaufman Co,*

Honorable Fred T. Porter
County Attorney
Kaufman, Texas

Dear Sir:

Opinion No. O-2448
Re: Application of Article
1558, P.C., to disposition
of tires and tubes on
mortgaged automobiles.

In your letter of June 3, 1940, you submit to us
the following facts and request for opinion:

"The facts are: An automobile dealer sells
a used car describing same in chattel mortgage,
with this provision: 'together with all tools,
extra rims, and other equipment now attached'.
The purchaser sells the tires and tubes from the
car.

"QUESTION: Is the purchaser who sold such
tires guilty of violating the provisions of
Art. 1558 (PC) particularly in view of the fact
that there is no description of such tires and
tubes in the mortgage and therefore, it is
doubtful that such mortgage is valid?"

From your letter of May 29, 1940, relating to this
same matter we understand that the tires and tubes in question
were on the car at the time the mortgage was executed.

Article 1558, Vernon's Penal Code, reads as follows:

"If any person has given or shall hereafter
give any mortgage, deed of trust or other lien,
in writing, upon any person or movable property
or growing crop of farm produce, and shall re-
move the same or any part thereof out of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Fred T. Porter, Page 2

> State, or out of the county in which it was
> located at the time the mortgage or lien was
> created, or shall sell or otherwise dispose of
> the same with intent to defraud the person
> having such lien, either originally or by
> transfer, he shall be confined in the peniten-
> tiary for not less than two nor more than
> five years. Proof that the mortgagor removed
> such property out of the county in which it
> was located at the time the mortgage or lien
> was created or that he sold or otherwise dis-
> posed of the same either originally or by
> transfer and that the mortgagor failed to pay
> the debt or any part thereof when due for
> which the mortgage or lien was given, or shall
> fail to deliver possession of said property
> upon demand of the mortgagee, shall be prima
> facie evidence that such property was removed
> or disposed of with intent to defraud as provided
> in this Act."

As said in 10 Am. Jur., p. 800, "a chattel mortgage upon appurtenances, fixtures, and the like generally covers personal property that is intimately connected with the operations of the establishment or plant which is mortgaged." Tires and tubes are just as necessary to the practical operation of an automobile as the wheels. To allow a man to remove each part of the automobile which is not described with sufficient certainty to identify it when taken from the vehicle would be to permit him to dispose of everything except the license plate, the chassis and the engine head. We do not believe that the Legislature ever intended Article 1558 to be construed with such strictness. In the first place, we think a mortgage upon an automobile covers the tires and tubes on its wheels at the time the mortgage is given, without any further description. However, we do not have to rest our opinion on that alone, for certainly the additional provision "together with all tools, extra rims, and other equipment now attached" would cover the tires and tubes if they were not already included as being a part of the automobile.

From Irwin vs. Auto Finance Co., 40 S.W. (2d) 871, by the Waco Court of Civil Appeals, we quote:

> "In the case at bar, the Finance Company,
> when it took the mortgage in question, evidently

Hon. Fred T. Porter, Page 3

intended to have security other than just the
automobile when it described the property as
'an automobile, a spare tire and tube and all
equipment.' Clearly, the mortgage would
cover any and all equipment that went with or
belonged to the automobile in question.
. . . "

In the case of Graves vs. State, 72 S.W. (2d)
917, the defendant had been convicted of disposing of mort-
gaged property, to wit, wool. The description contained in
the mortgage was of certain sheep, "together with . . .
all wool grown and shorn from the above described sheep."
The judgment was reversed and the cause remanded, but we
think the implication is that such a description was
sufficient upon which to base a prosecution. The descrip-
tion of the wool was so general that once severed from
the sheep it could not be identified as that grown on the
particular sheep without the aid of extraneous testimony.
From the opinion in that case we quote:

"By bill of exception No. 1 the appel-
lant complains of the action of the trial court
in sustaining the state's objection to the fol-
lowing testimony of the appellant: 'Some-
one had to pay the pasturage out there to
C. R. Word; that was what I used it for, the
check in the sum of $67.72 which I received
for the sale of the wool.' The court attaches
to the bill the following qualification, to wit:
'The district attorney object to the questions
and answers made before the jury and his
objection was sustained, but he did not re-
quest the exclusion of this evidence nor was
the same excluded by the court. The jury
heard all the questions and answers there-
to.' We believe the appellant's contention
must be sustained because the mortgage up-
on its face discloses the fact that the appel-
lant was pasturing his sheep in C. R. Word's
pasture of which the bank had knowledge
at the time it took the mortgage and there-
fore C. R. Word had a prior lien on the wool
as well as the sheep, and if the appellant
sold the wool and applied the money to the
payment of the rent due to Word, then he
could not be guilty of fraudulently dispos-
ing of mortgaged property as Mr. Word was

entitled to priority of payment out of the sheep and wool, and in support of the views herein expressed we refer to the following cases: Rogers v. Grigg et al (Tex. Civ. App.) 29 S. W. 654; Gorman Co. v. Jones (Tex. Civ. App.) 245 S. W. 448. Again, if the appellant thought that Word was entitled to be paid the amount due for pasturing the sheep out of the wool, whether in fact he was or not, and the appellant under such a belief sold the wool and had no present intention of defrauding the bank, then he would not be guilty of fraudulently disposing of mortgaged property because the fraudulent intent, which is the gist of the offense, would be lacking. We are constrained to hold that the appellant should have been permitted to testify that he sold the wool and used the proceeds of the sale in payment of the rent due Mr. Word for pasturing the sheep, and this issue should have been submitted to the jury under appropriate instructions because the fraudulent intent which is the gist of the offense was a question to be submitted to and determined by the jury."

In our opinion the description contained in the mortgage is sufficient to embrace the tires and tubes with which the car was equipped at the time the mortgage was given and that a conviction based upon the fraudulent sale thereof would be sustained if all other elements of the offense are also proven.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:eaw

APPROVED JUN 13, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN